UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARLENE Y. GUYETTE, | Case No. C07-5581BHS |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | Noted for April 4, 2008 |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrate Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter is before the court on Defendant's motion to dismiss (Doc. 6). After carefully reviewing the motion, Plaintiff's opposition to the motion (Doc. 8), and the balance of the record, the undersigned recommends that the Court grant the motion.

**<u>INTRODUCTION</u>**

On October 22, 2007, following the Administration's Appeals Council's denial of her Request for Review, Plaintiff filed the Complaint in this matter alleging her request to receive social security benefits was erroneously denied by the Social Security Administration. On January 1, 2007, before filing an Answer to the Complaint, Defendant moved to dismiss the Complaint based on the argument that the Administration has not issued a "final decision," and therefore, defendant argues the court does not maintain jurisdiction over the matter. Plaintiff opposes the motion to dismiss. The issue before the court

REPORT AND RECOMMENDATION
Page - 1

is whether or not Plaintiff properly exhausted his administrative remedies prior to filing the Complaint. After reviewing the arguments and procedural history the undersigned finds Plaintiff failed to exhaust her administrative remedies and thus, Defendant's motion to dismiss for lack of jurisdiction should be granted.

## DISCUSSION

The Social Security Act limits judicial review of the Commissioner's decisions to any "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *see also* Evans v. Chater, 110 F.3d 1480, 1482 (9th Cir. 1997). The Supreme Court has recognized, "[t]his provision clearly limits judicial review to a particular type of agency action," a final decision of the Commissioner made after a hearing. Califano v. Sanders, 430 U.S. 99, 108 (1977). There is an exception to the above rule allowing judicial review only after a hearing. This Court has jurisdiction to review the Commissioner's finding of res judicata if Plaintiff has alleged a colorable constitutional claim. *See* Sanders, 430 U.S. at 109; Evans, 110 F.3d at 1482. A colorable constitutional claim includes a due process violation that implicates a due process right to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination. *See* Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001); Evans, 110 F.3d at 1483.

Here, Plaintiff failed to file a timely request for review of the ALJ's September 29, 2006, favorable decision. Plaintiff's underlying application for social security income benefits was filed with the administration on September 23, 2004. The assigned Administrative Law Judge ("ALJ") reviewed the matter, and without holding a hearing, issued a favorable decision finding Plaintiff disabled.[1] By regulation, Plaintiff was given sixty (60) days to file a Request for Review with the Administrations Appeals Council if she wished to challenge the ALJ's decision. 20 C.F.R. § 416.1468. While Plaintiff filed a request with the administration to re-open a prior application on October 16, 2006, which was denied on December 5, 2006, Plaintiff did not file a request for review until February 5, 2007, well after the sixty (60) day time period had expired. Rather than deny Plaintiff's late Request for Review, the Appeal's Council asked Plaintiff to provide within thirty (30) days an explanation, "good cause," for the

---

[1] The ALJ is not required to conduct a oral hearing if the evidence in the hearing record supports a favorable decision. 20 C.F.R. § 416.1448.

REPORT AND RECOMMENDATION
Page - 2

late filing.  Plaintiff did not respond to the Appeal's Council's request.  On August 17, 2007, the Appeals Council found no good cause existed and issued its decision denying Plaintiff's Request for Review.  Based on this undisputed history of the case, Plaintiff failed to properly pursue her administrative remedies and failed to obtain any final decision which could be reviewed by this court.

Plaintiff argues the court should apply equitable tolling in this case and that to deny her the ability to challenge the ALJ's hearing decision, when an oral hearing was not conducted, would deny her due process protected by the Fifth Amendment of the U.S. Constitution.  The court is unpersuaded by Plaintiff's arguments.

As noted above and explained in Defendant's motion,  42 U.S.C. § 405(g) authorizes judicial review only after a "final decision" by the administration.  The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 767 (1975). The regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a).  If the claimant does not timely pursue administrative appeal rights, the administrative determination or decision becomes binding. 20 C.F.R. §§ 416.1405, 416.1421, 416.1455, 416.148l.   The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). As the Court observed, "[e]xhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." Id. at 145. The exhaustion doctrine is "grounded in Congress' delegation of authority to coordinate branches of Government" and "recognizes that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." Id.   The exhaustion requirement also reflects the idea that "an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is hailed into federal court." Id.  Providing the agency with the opportunity to correct its own errors may eliminate the need for judicial involvement altogether; if it does not moot the case entirely, it at least avoids piecemeal appeals and may produce a useful record for subsequent judicial consideration.  Id.

Here, it is undisputed Plaintiff failed to file a timely Request for Review following the ALJ's fully favorable decision.  Plaintiff argues she was entitled to a hearing to argue the issue of whether or not her

1 earlier application should be reopened by the administration, but as noted above the ALJ properly made his fully favorable decision without an oral hearing. 20 C.F.R. § 416.1448. The court also notes Plaintiff's Complaint characterizes the ALJ's decision as a "fully favorable" decision, but now argues in opposition to the motion to dismiss that it was not favorable on every issue, namely the issue of reopening an earlier application for benefits. However, Plaintiff's argument is without merit, as the court does not have subject matter jurisdiction to review an administrative law judge's (ALJ) refusal to reopen a previous claim for benefits. Califano v. Sanders, 430 U.S. 99, 107-08 (1977) (holding that 42 U.S.C. § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits"), and that issue is distinguished from whether or not a timely Request for Review was made, which is the sole issue before the court.

Finally, Plaintiff argues "Defendant's actions equitably tolled the statute of limitations." In support of this argument, Plaintiff re-argues the issue of whether or not the ALJ abused his discretion or denied Plaintiff her right to a hearing. As discussed above, the ALJ properly issued his decision without conducting a oral hearing, Plaintiff was provided sufficient notice of his decision, and Plaintiff was given significant time to file a Request for Review with the Appeals Council and to explain why the Request for Review, when filed, was late. Plaintiff did not respond to the latter opportunity. Accordingly, the undersigned finds not basis to "equitably toll the statute of limitations" in this matter.

## **CONCLUSION**

Based on the foregoing, the Court should find that it lacks jurisdiction over this matter and therefore should GRANT defendant's motion to dismiss.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 4, 2008**, as noted in the caption.

DATED this 10th day of March, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4